## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Nicolas Keriazis, individually and on
behalf of all others similarly situated,

             Plaintiff,

v.

UnitedHealth Group Incorporated;
UnitedHealthcare, Inc.; Optum, Inc.; and
Change Healthcare Inc.,

             Defendants.

Case No. 24-cv-0751 (PJS/DLM)

**ORDER TO AMEND COMPLAINT
TO ADEQUATELY PLEAD
SUBJECT-MATTER JURISDICTION**

---

This matter is before the Court on Plaintiff Nicolas Keriazi's Complaint, filed on behalf of himself and others similarly situated, against several Defendants on March 4, 2024. (Doc. 1.) In his Complaint, Plaintiff alleges that this Federal Court has subject-matter jurisdiction over the action based on diversity jurisdiction "under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2)" because "[t]he amount in controversy exceeds $5 million exclusive of interest and costs" and "[t]here are more than 100 putative class members and at least some members of the proposed Class have a different citizenship from Defendants." (*Id.* ¶ 14.)

Federal courts must inquire into subject-matter jurisdiction, even if no party has raised the issue. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, U.S. 574, 583 (1999)); *Nyffeler Const., Inc. v. Sec'y of Lab.*, 760 F.3d 837, 841 (8th Cir. 2014) (citing *Arbaugh*). Adhering to this obligation, the Court *sua sponte* considers the adequacy of the subject-matter jurisdiction pleading here.

Subject-matter jurisdiction is a threshold requirement for federal-court litigation; without subject-matter jurisdiction, a federal court cannot hear a case. *See e.g.*, *Cath. Mut. Relief Soc'y of Am. v. Arrowood Indem. Co.*, 334 F. Supp. 3d 986, 992 (D. Minn. 2018) (citing *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992)). Here, it is Plaintiff's burden to establish subject-matter jurisdiction is present. *Id.* Plaintiff asserts that this Court has subject-matter jurisdiction over this case based on 28 U.S.C. § 1332(d)(2) (diversity of citizenship jurisdiction in class action cases). (Doc. 1 ¶ 14.) But Plaintiff has failed to establish that subject-matter jurisdiction exists.

Title 28 U.S.C. § 1332(d)(2) states, in relevant part, that "[t]he district courts shall have original jurisdiction of any . . . class action in which . . . any member of a class of plaintiffs is a citizen of a State different from any defendant[.]" 28 U.S.C. § 1332(d)(2)(A). A party asserting subject-matter jurisdiction based on diversity of citizenship must establish, with specificity in the pleadings, the parties' citizenship. *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (citation omitted).

In filing this action, Plaintiff asserts there is subject-matter jurisdiction based on diversity of citizenship between the parties because "Plaintiff Nicolas Keriazis is a California resident who fills his medical prescriptions at a local CVS Pharmacy that uses UHG's Change Healthcare platform." (Doc. 1 ¶ 9.) Plaintiff then states

> Defendant UnitedHealth Group Incorporated is a Delaware corporation with its principal place of business in Minnetonka, Minnesota[,] Defendant UnitedHealthcare, Inc. is a Delaware corporation with its principal place of business in Minnetonka, Minnesota[,] Defendant Optum, Inc. is a Delaware corporation with its principal place of business in Eden Prairie, Minnesota[,]

2

[and] Defendant Change Healthcare Inc is a Delaware corporation with its principal place of business in Nashville, Tennessee.

(*Id.* ¶¶ 10, 11, 12, 13.) Plaintiff has not established subject-matter jurisdiction based on diversity by such allegations. Although Plaintiff adequately identifies the Defendants' citizenships in his Complaint, he says nothing about his own citizenship. Plaintiff identifies only that he is a "California resident." (*Id.* ¶ 9.)

 "The diversity which confers jurisdiction on a federal court is diversity of citizenship, and not diversity of residence[.]" *Burkhardt v. Bates*, 296 F.2d 315, 315 (8th Cir. 1961). "Residence" and "citizenship" are not the same thing for the purpose of federal diversity jurisdiction. *See Reece v. Bank of New York Mellon*, 760 F.3d 771, 778 (8th Cir. 2014) ("Because of this ambiguity in the word 'resident'—as compared to 'citizen' . . . — we cannot satisfy ourselves that diversity jurisdiction is proper based solely on an allegation a party is (or was) a 'resident' of a particular state.") (citations omitted). Here, Plaintiff alleges diversity of citizenship but does not identify his own citizenship. (Doc. 1 ¶ 9.) Such pleadings are not enough to establish subject-matter jurisdiction. The Court therefore finds that Plaintiff has not adequately pled his own citizenship and this action may not proceed without clarification from Plaintiff on this point.

Courts have the discretion to allow a party to amend a pleading when that party fails to adequately establish the existence of diversity jurisdiction. *See* 28 U.S.C. § 1653 ("Defective allegations of jurisdiction may be amended, upon terms in the trial or appellate courts."); *see also Nuevos Destinos, LLC v. Peck*, 999 F.3d 641, 646 (8th Cir. 2021). Accordingly, this Court will use its discretion to allow Plaintiff to amend his Complaint to

3

adequately plead subject-matter jurisdiction. If Plaintiff fails to do so, this Court will recommend this case be dismissed for lack of subject-matter jurisdiction. *Cath. Mut. Relief Soc'y of Am.*, 334 F. Supp. 3d at 992.

Accordingly, based on all the files, records, and proceedings above, **IT IS ORDERED** that:

1.  Within **14 days** of the date of this Order, Plaintiff must file an amended complaint that complies with the requirements of 28 U.S.C. § 1332; and

2.  If Plaintiff fails to adequately plead subject-matter jurisdiction, this Court will recommend dismissal without prejudice.

Date: March 6, 2024                              *s/Douglas L. Micko*
                                                 DOUGLAS L. MICKO
                                                 United States Magistrate Judge

4